IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANNY HOGAN | § | |
| v. | § | CIVIL ACTION NO. 6:23cv425 |
| WARDEN JUAQUINE POPE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Danny Hogan, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The sole named Defendant is Coffield Unit Assistant Warden Juaquine Pope.

**I. Background**

This lawsuit was severed out of another case filed by Plaintiff, cause no. 6:23cv336. On August 24, 2023, Plaintiff was ordered to file an amended complaint setting out the claims he wished to raise in the present lawsuit. He filed his amended complaint on September 27, 2023.

In his amended complaint, Plaintiff states that on June 7, 2023, he was placed in Cell H-212 at the Coffield Unit. He says that the cell had been previously occupied by an inmate with HIV/AIDS and was not cleaned out. He states that he asked officers for cleaning supplies but was denied.

In addition, Plaintiff states that he is a heat-restricted chronic care inmate, but he had no shower or water in his cell for over five days, causing his head condition to flare up, his eyes to blur, and his blood pressure to rise. The ranking officers did not conduct security checks or walk-

1

throughs. The facility has no air conditioning and the temperature was around 105 degrees, but there were no heat restricted showers or respite. Plaintiff further asserts that there was no medical care unless a sick call request was written, and then not until days or weeks later.

Plaintiff contends that an improper investigation was conducted by the Coffield Unit and Warden Pope. He claims that evidence was tampered with and withheld and that documents were falsified. Plaintiff attaches a Step One grievance, no. 20223116823, dated June 8, 2023, complaining of being placed in inhuman conditions, his property has gone missing without explanation, and he has been denied medical care. (Docket no. 9-1, p. 4). He said in the grievance that the prison administration has been spraying inmates, presumably with chemical agents, he is being forced into an inhumane predicament while having to follow authority, and he has been asking to go to the infirmary because his lungs are in pain. The response to this grievance, signed on June 23, 2023, by Coffield Unit practice manager Pam Pace, says that Plaintiff submitted a sick call request on June 9 and was evaluated on June 13 for his complaints of headache. He was issued Tylenol and referred to the provider for further evaluation, and he has a provider appointment scheduled.

Plaintiff also attaches another Step One grievance, no. 2023140215 (docket no. 9-1, p. 6). In this grievance, he states that on July 24, 2023, he signed for legal mail from the court which was sent on July 12. He says that this violates his rights because he only has 30 days to respond to court orders. He sought information including a copy of his trust account statement, his *in forma pauperis* application, a roster of officers at the Coffield Unit, a copy of the number of grievances he has filed at the Coffield Unit, and a venue list, but has been denied. The response to this grievance, signed by Warden Pope, says that the postmark on his mail shows when the post office receives it, not when it is received at the unit. The mail in question was received in the unit mail room on July 20 and given to him on July 24; prison policy states that all incoming mail shall be processed and given to the inmate within three business days of receipt or as soon as practicable, so there was no violation

of policy.[1] Plaintiff also includes a statement saying that he is returning court documents to show that they have not been executed, but he does not attach any other documents. (Docket no. 9-2, p. 1).

For relief in his amended complaint, Plaintiff asks for a pardon, proper counseling, release on parole while his lawsuit is pending, and one million dollars in damages.

## II. The Defendant's Motion to Dismiss

The Defendant Warden Pope filed a motion to dismiss under Fed. Civ. P. 12(b)(1) and 12(b)(6) on November 30, 2023 (docket no. 15). This motion argues that claims for monetary damages in the Defendant's official capacity are barred by the Eleventh Amendment, Plaintiff's requests for parole and a pardon are not cognizable in a civil rights lawsuit but only in habeas, his requested injunctive relief for release and "proper counseling" are not proper under the Prison Litigation Reform Act because they are not narrowly tailored nor the least intrusive means necessary to correct a constitutional violation, Plaintiff fails to state a claim upon which relief may be granted because he does not allege any personal involvement on the part of Warden Pope, Plaintiff fails to allege deliberate indifference, and Warden Pope is entitled to qualified immunity. Plaintiff did not file a response to the motion to dismiss.

## III. Discussion

### A. General Standards for Motions to Dismiss

As a general rule, motions to dismiss are evaluated on the pleadings alone and challenge a complaint's legal sufficiency, in contrast to post-discovery motions for summary judgment which evaluate whether a genuine issue of material fact remains after considering both sides' proffered evidence. *Rader v. Cowart*, 543 F.App'x 358, 2013 U.S. App. LEXIS 20415, 2013 WL 5509172 (5th Cir. October 4, 2013); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

---

[1] July 20, 2023 was a Thursday, and Plaintiff received his mail on Monday, July 24, 2023.

When a motion to dismiss for want of jurisdiction under Rule 12(b)(1) is filed in conjunction with other Rule 12 defenses, the court considers the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Eubanks v. Nelson*, slip op. no. 23-10936, 2024 U.S. App. LEXIS 7982, 2024 WL 1434449 (5th Cir., April 3, 2024). Lack of subject matter jurisdiction may be found in the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555.

In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief which is plausible on its face. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Fed. R. Civ. P. 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, are not sufficient. *Id.* at 678. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (pro se litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied

recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

B. Application of the Standards to Plaintiff's Pleadings

The Fifth Circuit has held that prisoners cannot maintain claims for monetary damages against state prison officials in their official capacities because such an action is in effect against the State itself and thus barred by the Eleventh Amendment. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). As a result, the Court lacks subject matter jurisdiction, and Warden Pope's motion to dismiss this claim under Rule 12(b)(1) should be granted. *Daniel v. University of Texas Southwestern Medical Center*, 960 F.3d 253, 256 (5th Cir. 2020).

Plaintiff's requested relief in the form of a pardon cannot be granted because the federal district courts lack authority to order the Governor of the State of Texas to commute a sentence or to issue a pardon. *See Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464-65, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) (noting that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review.") To the extent Plaintiff seeks release pending the outcome of his lawsuit, the Court lacks authority to order release from confinement in a civil rights lawsuit because such a remedy lies within the exclusive province of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Plaintiff's requested injunctive relief of "proper counseling" does not comport with the Prison Litigation Reform Act's requirements that prospective injunctive relief be narrowly drawn, extend no further than necessary to correct the violation of a federal right, and be the least intrusive means necessary to correct the violation. *See* 18 U.S.C. §3626(a).

Although Plaintiff's primary complaint concerns the conditions of confinement at the Coffield Unit, he has failed to allege any facts showing that Warden Pope had personal involvement with or even knowledge of these conditions. The Fifth Circuit has held that a §1983 claimant must

6

establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation. *Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012).

The fact that Warden Pope was assistant warden of the Coffield Unit does not make him liable based on his position of authority. The Fifth Circuit has held that supervisors are not vicariously liable under § 1983 under any theory of supervisory liability for any actions or omissions by their employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable only if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Warden Pope affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). Plaintiff has failed to state a claim upon which relief may be granted against Warden Pope concerning his allegations about the conditions of confinement at the Coffield Unit.

Plaintiff does contend, in a wholly conclusory manner, that Warden Pope conducted an "improper investigation" and that evidence was tampered with and withheld and documents were falsified. This naked assertion, devoid of further factual enhancement, is not sufficient to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. In any event, the Fifth Circuit has held that prisoners do not have a constitutionally protected liberty interest in having internal prison

investigations conducted in a manner which they believe appropriate. *Se Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Plaintiff has likewise failed to state a claim through his conclusory allegation of falsifying documents. *See Morton v. Chambers*, civil action no. 5:16cv60, 2017 U.S. Dist. LEXIS 103506, 2017 WL 2874485 (E.D.Tex., April 27, 2017), *Report adopted at* 2017 U.S. Dist. LEXIS 103276, 2017 WL 2869114 (E.D.Tex., July 5, 2017) (allegation that officer falsified paperwork concerning prisoner's property did not set out a claim of constitutional dimensions); *Hurd v. Barnette*, civil action no. 6:15cv734, 2017 U.S. Dist. LEXIS 31917, 2017 WL 892118 (E.D.Tex., March 6, 2017), *appeal dismissed as frivolous* 714 F.App'x 444, 2018 U.S. App. LEXIS 6190, 2018 WL 1311943 (5th Cir., March 13, 2018) (no constitutional violation in allegedly falsifying documents showing a prisoner's hot pot had been returned when prisoner claimed it had not). This allegation fails to state a claim upon which relief may be granted.

The fact that Warden Pope signed one of the grievances attached by Plaintiff likewise does not show personal involvement by the warden in a constitutional violation or otherwise state a claim upon which relief may be granted, even if the answer provided by the warden was incorrect. *Whitlock v. Stephens*, civil action no. 5:14cv94, 2016 U.S. Dist. LEXIS 169908, 2106 WL 11474208 (E.D.Tex., October 4, 2016), *Report adopted at* 2016 U.S. Dist. LEXIS 169652, 2016 WL 7155292 (E.D.Tex., December 8, 2016) (fact that warden may have reviewed or responded to prisoner's grievance does not demonstrate personal involvement in any constitutional violation), *citing Cervantes v. Sanders*, civil action no. 2:98cv187, 1998 WL 401628, 1998 U.S. Dist. LEXIS 10887 (N.D. Tex., July 13, 1998); *Lueck v. Wathen*, 262 F.Supp.2d 690, 696 (N.D.Tex. 2003) (claim that warden sat on grievance committee and wrongfully denied prisoner's grievance did not state a claim where prisoner did not allege that the warden was personally involved in a constitutional deprivation).

Finally, Warden Pope invokes the defense of qualified immunity from claims for monetary damages. Qualified immunity protects government officials from liability for monetary damages in their individual capacities insofar as their conduct does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014).

After the defendant properly invokes qualified immunity, the plaintiff bears the burden to rebut its applicability. *Kovacic v. Villareal*, 628 F.3d 209, 211 (5th Cir. 2010). In order to overcome qualified immunity, a plaintiff must allege facts showing that the government official violated a constitutional right and that the right was clearly established at the time of the challenged conduct. *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022). The Fifth Circuit has explained as follows:

> Qualified immunity shields government officials from civil liability in their individual capacity so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It protects 'all but the plainly incompetent or those who knowingly violate the law.' *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
>
> Our qualified immunity inquiry is two-pronged. *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020). First, we ask whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Second, we ask whether the right was 'clearly established.' *Id*. We can analyze the prongs in either order or resolve the case on a single prong. *Id*.

After explaining that a right is "clearly established" only if it is sufficiently clear that every reasonable official would have understood that the defendant's conduct violated that right, and that there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that the conduct is definitively unlawful, the Fifth Circuit went on to state:

> When an official raises qualified immunity on summary judgment, as Sheriff Castloo did here, the plaintiff bears the burden of showing that the defense does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020). To meet that burden, the plaintiff must present evidence, viewed in her [i.e. the plaintiff's] favor, satisfying both qualified immunity prongs by showing that the defendant (1) violated a constitutional right (2) that was clearly established at the time of the defendant's conduct. *See id*.

*Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2020); *Byrd v. Harrell*, 48 F.4th 343, 346 (5th Cir. 2022) (when an official has asserted qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the

official's conduct). Conclusory allegations are insufficient to overcome the qualified immunity defense. *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643-44 (5th Cir. 2014).

Plaintiff's pleadings, taken as true, fail to meet his burden of showing that Warden Pope violated a clearly established constitutional right or that all reasonable prison officials, similarly situated, would know that the conduct of the warden violated the Constitution. Consequently, Warden Pope is entitled to qualified immunity from the claims against him for monetary damages in his individual capacity.

## IV. Conclusion

In proceeding under Fed. R. Civ. P. 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendants' challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action.  This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of a case. *Neitzke v. Williams*, 490 U.S. 319, 329-30, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In this case, Plaintiff had a reasonable opportunity and ample time to respond to the Defendant's motion to dismiss or to clarify his allegations so as to conform with the requirements of a valid cause of action. Viewing Plaintiff's pleadings with the liberality befitting his *pro se* status, Plaintiff has failed to state a claim upon which relief may be granted because he has not set out sufficient factual matter, accepted as true, to state a claim for relief which is plausible on its face. *Iqbal*, 556 U.S. at 678. Nor has he met his burden of overcoming the defense of qualified immunity. The Defendant's motion to dismiss should be granted.

<u>RECOMMENDATION</u>

It is accordingly recommended that the Defendant's motion to dismiss (docket no. 15) be granted and the above-styled civil action dismissed with prejudice for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error.  *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 20th day of May, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

11